IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK B. WILLIAMS | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 05-177 (Erie) |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN JAMES F. SHERMAN | ) | |
| | ) | |
| Respondent. | ) | filed electronically |
| | ) | |

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, comes Respondent James F. Sherman, Warden, FCI McKean ("Respondent"), by and through his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully responds to the Petition for Writ of Habeas Corpus ("Petition") filed herein as follows:

## I. INTRODUCTION

Petitioner, Frederick B. Williams ("Petitioner"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the method by which the Federal Bureau of Prisons ("BOP") calculates Petitioner's good conduct time ("GCT"). Specifically, Petitioner alleges that the BOP has deprived him of the possibility of earning a maximum of 54 days of GCT for each year of his sentence, as imposed, in violation of 18 U.S.C. § 3624(b). Because the BOP's interpretation of the phrase "term of imprisonment," as used in 18 U.S.C. § 3624(b) is reasonable and entitled to deference, the Petition must be denied.

## II.  ARGUMENT

**A.   The Petition must be denied because BOP has properly interpreted the phrase "term of imprisonment" in its calculation of Petitioner's good conduct time.**

Petitioner's claim for additional GCT fails because his argument is based upon an incorrect construction of 18 U.S.C. § 3624(b), the statute which governs the award of sentence credit to prisoners who demonstrate exemplary behavior. Because the BOP's interpretation of the phrase "term of imprisonment" in 18 U.S.C. § 3624(b) to mean "time served," rather than "sentence imposed," is reasonable and entitled to deference, the Petition must be denied.

The statute which authorizes the BOP to award GCT to federal inmates is 18 U.S.C. § 3624(b). The language of § 3624(b) has been amended several times over the last twenty years. In this case, because Petitioner's offense has been determined to have been committed on July 1, 1999, the version of 18 U.S.C. § 3624(b) applicable to his sentence computation is the version passed under the Prison Litigation Reform Act of 1995 ("PLRA"). This version was made effective as of April 26, 1996, and provides, in pertinent part:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year, other than a term of imprisonment for the duration o the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with the institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma

>or an equivalent degree. Credit that has not been earned may not be later granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.
>
>(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b).[1]

At issue in this case is the propriety of the BOP's interpretation of the phrase "term of imprisonment" in section 3624(b). Petitioner asserts that the phrase "term of imprisonment" requires the BOP to calculate GCT based on the length of the <u>sentence</u> <u>imposed</u> upon him. The BOP, however, calculates a prisoner's GCT based on the length of time a prisoner <u>actually serves</u> in prison. The BOP's method of calculation is set forth in Program Statement 5880.28. In addition, the BOP has promulgated a rule, using the notice and comment procedure of the Administrative Procedure Act, 5 U.S.C. § 553, which reflects the BOP's interpretation of "term of imprisonment" as "time served" for purposes of calculating GCT. <u>See</u> 28 C.F.R. § 523.20. Thus, under the BOP's methodology, Petitioner would earn fifty-four days of GCT for each complete year <u>actually served</u>, plus a prorated amount of GCT for the last portion of the final year of incarceration actually served, less any GCT Petitioner has forfeited as a result of disciplinary actions.

As sole support for his position, Petitioner cites to <u>White v. Scibana</u>, 314 F.Supp.2d 834

---

[1] Prior to the enactment of the PLRA, GCT was governed by the version of 18 U.S.C. § 3624(b), as enacted under the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA)(effective September 13, 1994). Prior to September 13, 1994, GCT was governed by the provisions of the Sentence Reform Act of 1984 (SRA) (effective November 1, 1987). Because Petitioner's offense was committed after the effective date of the PLRA, neither the SRA nor the VCCLEA versions apply to him. However, even assuming either the SRA or the VCCLEA versions were applicable to Petitioner, they would not materially alter the mode or amount of GCT available to Petitioner as interpreted by the Bureau of Prisons.

(W.D.Wisc. 2004), in which the United States District Court for the Western District of Wisconsin held that an inmate's GCT should be calculated on the basis of his sentence, as imposed. However, the Court of Appeals for the Seventh Circuit has since reversed the District Court's holding. See White v. Scibana, 390 F.3d 997, 1003 (7th Cir. 2004). Without exception, every United States Court of Appeals that has addressed this issue – including the United States Court of Appeals for the Third Circuit – has upheld BOP's method of calculating GCT based upon the amount of time actually served. In O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), petitioner O'Donald applied for a writ of habeas corpus based upon the argument presented by Petitioner in the instant matter: that is, that "term of imprisonment" should be interpreted as "sentence imposed," and that petitioner should therefore be credited with 54 days of GCT for each year of his full twelve year sentence. Id. at 173. In opposition, respondent argued that GCT should be based upon the amount of time actually served. Id. The Third Circuit rejected O'Donald's proposed interpretation of "term of imprisonment," reasoning that "[t]o calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated." Id. at 174. The Third Circuit ultimately found the phrase in question to be ambiguous, but held that BOP's interpretation of the statute was reasonable and entitled to deference pursuant to the requirements for agency statutory construction set forth in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984). In approving the BOP's interpretation, the court noted:

> In particular, we agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a fair prorating scheme, enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated.

O'Donald, 402 F.3d at 174. When it upheld the BOP's interpretation of section 3624(b), the Third Circuit joined the First, Fifth, Seventh, and Ninth Circuits, each of which had made the same determination in similar cases. See Perez-Olivo v. Chavez, 394 F.3d 45, 52 (1st Cir. 2005); Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005); White v. Scibana, 390 F.3d at 1003; Pacheco-Comacho v. Hood. 272 F.3d 1266, 1270 (9th Cir. 2001). Since the Third Circuit decided O'Donald earlier this year, the Fourth, Sixth, and Eleventh Circuits have also reached the same conclusion on this issue, each citing O'Donald with approval. See Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); Petty v. Stine, 424 F.3d 509 (6th Cir. 2005); Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005).[2]

Pursuant to the Third Circuit's holding in O'Donald v. Johns, the BOP's methodology for calculating Petitioner's good conduct time, which is based upon the amount of time actually served by Petitioner, is correct, and the Petition should therefore be dismissed, with prejudice.

## II. CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should deny the Petition for Writ of Habeas Corpus.

---

[2]The Eighth Circuit has also issued two nonpublished opinions which hold that the BOP's calculation of good conduct time credit, based on time actually served, rather than imposed, is reasonable and entitled to deference. See James v. T.C. Outlaw, 126 Fed. Appx. 758 (8th Cir. 2005); United States of America v. Wittman, No. 04-3488, 2005 WL 1663134, at *1 (8th Cir. July 18, 2005) (citing O'Donald v. Johns).

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served this date a copy of the within Response, by mail or electronic filing, upon the following:

Thomas W. Patton<br>
Federal Public Defender's Office<br>
1001 State Street<br>
1111 Renaissance Centre<br>
Erie, PA   16501

                                              s/ Christy Wiegand
                                              CHRISTY WIEGAND

Date:   October 27, 2005