IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK B. WILLIAMS** | ) | |
| **Petitioner,** | ) | |
| v. | ) | C.A. No. 05-177 Erie |
| | ) | **District Judge McLaughlin** |
| **JAMES SHERMAN,** | ) | **Magistrate Judge Baxter** |
| **Respondent.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the above-captioned petition for writ of habeas corpus be denied.

**II.    REPORT**

Petitioner, currently incarcerated at the Federal Correctional Institution at McKean, filed this petition for writ of habeas corpus. Petitioner challenges the rate at which the Bureau of Prisons calculates good conduct time ("GCT") under 18 U.S.C. § 3624(b)(1). More specifically, Petitioner argues that the Bureau of Prisons has misinterpreted the statute, thereby depriving him of the opportunity to earn a maximum of fifty-four days of good conduct time for each year of the sentence imposed upon him.

The Bureau of Prisons interprets the statute as allowing 54 days of good conduct time "for each year served." 28 C.F.R. § 523.20. Petitioners argue that the statute actually requires the Bureau of Prisons to calculate the good conduct time based on the sentence imposed, not the time served. The difference between the two interpretations (i.e., between time served and time imposed) results in about seven days per inmate per year.

On March 22, 2005, the United States Court of Appeals for the Third Circuit decided this very issue in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005), *motion for rehearing en banc*

1

*denied October 5, 2005*.  In O'Donald, the Third Circuit held that the meaning of 18 U.S.C. § 3624(b) was ambiguous and therefore the Bureau of Prisons' reasonable interpretation of the statute was entitled to deference by the federal courts under Chevron USA v. Natural Resources Defense Council, 467 U.S. 837 (1984).  Id.; see also Greene v. Miner, 2005 WL 977846 (3d Cir. April 28, 2005).  The Circuit's O'Donald decision is dispositive of the matters at hand.

### III.    CONCLUSION

It is respectfully recommended that that the instant above-captioned petitions for writ of habeas corpus be denied.[1]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: October 27, 2005

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.