IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK B. WILLIAMS, | ) | |
| Petitioner | ) | |
| v. | ) | CA No. 05-177 Erie |
| | ) | District Judge McLaughlin |
| JAMES SHERMAN, Warden, | ) | Magistrate Judge Baxter |
| Respondent | ) | |

## OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

AND NOW, comes the Petitioner, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and submits these objections to the Magistrate Judge's Report and Recommendation. In support thereof Counsel states:

This case involves the interpretation of 18 U.S.C. § 3624(b), the statute that governs the awarding of good conduct time ("GCT") credit to federal inmates. In pertinent part, the version of § 3624(b) applicable to petitioners states:

> A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of the prisoner's sentence, beyond the time served, of fifty-four days, at the end of each year of his term of imprisonment, beginning at the end of the first year of the term . . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The question presented here is whether this section grants 54 days of GCT for each year of the "term of imprisonment" imposed on the inmate, as the plain language of the statute says, or 54 days for each year of "time served" by the inmate, as the Bureau of Prisons ("BOP") interprets the statute. Because the time served will always be less than the sentence imposed, assuming the inmate earns some GCT, awarding GCT based upon time served reduces the amount of GCT an inmate can earn. Thus, under the BOP's reading of the statute, a defendant can only earn up to 47 days, rather than

54 days, of GCT per year of the "term of imprisonment" imposed, contrary to the plain language of the statute.

The Court referred this case to United States Magistrate Judge Susan Paradise Baxter. Magistrate Judge Baxter found that the Third Circuit's opinion in O'Donald v. Johns, 402 F.3d 172 (3rd Cir. 2005), "dispositive of the matters at hand." In O'Donald, the Third Circuit found § 3624 ambiguous as to whether GCT applies to the "term of imprisonment" imposed or to "time served." The Third Circuit then deferred to the BOP's reading of the statute pursuant to Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984). Once the BOP's interpretation of the statute was accepted under Chevron, the Third Circuit found, the ambiguity in the statute was removed making the rule of lenity inapplicable.

The petitioner understands, and concedes that this court is bound by the Third Circuit's O'Donald opinion. However, the undersigned counsel was been appointed to represent Mr. O'Donald, and will be filing a petition for writ of certiorari with the United States Supreme Court. It is possible that the Supreme Court may vacate the O'Donald opinion. To preserve the issues raised in the petition for appellate review, petitioner files these objections. But see Henderson v. Carlson, 812 F.2d 874, 878-79 (3rd Cir. 1987) ("the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court – but not in the loss of the statutory right to appellate review"). O'Donald is a flawed opinion that fails to properly apply the rules of statutory construction and the rule of lenity.

      A.    Chevron Deference Is Inapplicable Because the Statute Plainly Bases GCT on the "Term of Imprisonment," Which in Context Must Mean the "Sentence Imposed."

The Third Circuit deferred to the Bureau of Prisons' interpretation under Chevron because

it found that Congress' third use of the phrase "term of imprisonment" in 18 U.S.C. § 3624(b) was, unlike the first two uses of the phrase, "ambiguous." Before according deference to the Bureau, however, the Third Circuit was required to apply the "traditional tools of statutory construction" to interpret the statute, and if the statute was clear, to cease its analysis at that point. Chevron, 467 U.S. at 842 & n. 9. Application of traditional canons of construction to the statute shows that the phrase "term of imprisonment" in subsection (b) must mean the sentence "imposed." In finding that phrase ambiguous, the Third Circuit erred in failing to give it its "ordinary or natural" meaning, Bailey v. United States, 516 U.S. 137, 145 (1995), of the "sentence imposed;" it also failed to apply the "vigorous" presumption that when such a phrase is used more than once in the same sentence it means the same thing each time; it further failed to consider that, since Congress used both the phrases "time served" and "term of imprisonment" in the same sentence, there is a strong presumption that those phrases mean different things; and, finally, it entirely overlooked the provision of the statute requiring that the credit apply toward the "sentence, **beyond** the time served," not toward actual time served itself. When these traditional methods of interpretation are properly applied, and all provisions of the statute are considered, it is clear that the Third Circuit erred in holding that the phrase is ambiguous and in applying Chevron deference.

  At issue in this case is the meaning of the phrase "term of imprisonment" when § 3264(b) says that a prisoner "serving a **term of imprisonment** of more than one year, other than a **term of imprisonment** for the duration of his life shall receive credit toward the service of the prisoner's sentence, beyond the time served, of fifty-four days, at the end of each year of his **term of imprisonment**." In construing this provision, the Third Circuit erred initially in failing to to give the phrase "term of imprisonment" its "ordinary or natural" meaning, Bailey v. United States, 516

U.S. 137, 145 (199 ), which is the "sentence imposed." Williams v. Dewalt, 351 F. Supp. 2d 412, 418 & n.7 (D. Md. 2004) ("throughout the criminal code 'term of imprisonment' is used as a term of art to mean sentence imposed, not time served"). While the phrase might mean something out-of-the-ordinary if context dictated, here the context amply confirms that the ordinary meaning of the phrase was intended, and the phrase is not ambiguous. Brown v. Gardner, 513 U.S. 115, 118 (1994) ("Ambiguity is a creature not of definitional possibilities but of statutory context.").

The Third Circuit further erred in not interpreting the phrase consistently, as required by its context. Since the phrase is used three times within the same sentence, the context creates a "vigorous" presumption that it means the same thing each time. Brown v. Gardner, 513 U.S. at 118 ("presumption that a given term is used to mean the same thing throughout a statute ... is surely at its most vigorous when a term is repeated within a given sentence"). In the first two instances, the statute provides that a prisoner is eligible to receive good conduct time credit only if his "term of imprisonment" is more than one year, and less than life, and it is impossible for "term of imprisonment" to mean time served in either case, as the BOP acknowledges. P.S. 5880.28 p. 1-45; See also, White v. Scibana, 390 F.3d 997, 1001 (7th Cir. 2004); Moreland v. Federal Bureau of Prisons, __ F.Supp.2d __, 2005 WL 757154, *3 (S.D. Tex. 2005); Williams v. Dewalt, 351 F.Supp.2d 412, 416 (D.Md. 2004). Thus, the meaning of "term of imprisonment" is not unclear in those instances, and the phrase indisputably means sentence imposed.

Once it is established that the words "term of imprisonment" mean "sentence imposed" the first two times they are used, the BOP must overcome the strong presumption that Congress meant them to mean the same thing the third time. Brown v. Gardner, 513 U.S. at 118 ("presumption" of

consistent usage is "at its most vigorous" within the same sentence). The Third Circuit opinion gives no sufficient basis for overcoming that strong presumption.

Because Congress used the phrase "time served" in the same sentence in which it used "term of imprisonment," there is a further strong presumption that they mean different things and that "term of imprisonment" does not mean "time served." United States v. Maria, 186 F.3d at 71 (use of "different words" strongly suggests "different meanings were intended"); see Russello v. United States, 464 U.S. 16, 23 (1983) (declining to give different words the same meaning). The Third Circuit gives no sound reason why Congress would first have used "term of imprisonment" to mean "sentence imposed," then have used the phrase "time served" to convey its ordinary meaning, and then, a few words away, have used the phrase "term of imprisonment" differently, to mean "time served," instead of simply using the words "time served" again. Had Congress meant "time served," it would certainly have said so, just as it had earlier in the same sentence. Williams v. Dewalt, 2004 WL 3022300 at *4 ("Congress used the phrase 'time served' when it meant time served"). The Third Circuit's holding improperly assumes that Congress used words in an entirely arbitrary manner.

Finally, the Third Circuit opinion entirely overlooks language of subsection (b) explicitly stating that the credit is not based on "time served." The section specifically provides that the "credit" applies towards the "sentence, **beyond** the time served." The only interpretation that gives this phrase any independent meaning is to construe it to provide that the credit is not based on time served, but on the "sentence, beyond the time served." This language, which the Third Circuit entirely overlooked, explicitly confirms O'Donald's reading of the statute giving the words "term of imprisonment" their ordinary meaning and reading them consistently in subsection (b) to mean "sentence imposed."

A consistent reading of "term of imprisonment" in § 3524(b) results in a simple, straight-forward method of awarding GCT. An inmate whose term of imprisonment is longer than one year but less than life can estimate the total GCT he can earn by multiplying his term of imprisonment, in years, by 54. The credit is a deduction, see Webster's Third New International Dictionary 532-33 (1986) (credit means "deduction from an amount otherwise due"), made yearly "at the end of each year of the ... term of imprisonment," that reduces the time served for the year from 365 to 311 days, ending the year 54 days earlier than it otherwise would have. The BOP's method of calculating GCT based on time served makes GCT difficult to calculate, requiring the use of lengthy calculations that the BOP admits are "arithmetically complicated" and require forty-five pages to explain. P.S. 5880.28 p. 1-44; Williams v. DeWalt, 351 F.Supp.2d 412, 414 n.3 (D. Md. 2004).

Keeping the meaning of term of imprisonment consistent throughout § 3624(b) also has the benefit of complying with the method used to award GCT for most of the Twentieth Century. The old version of the good time statute, 18 U.S.C. § 710, recodified in 1948 as 18 U.S.C. § 4161,[1] permitted a "deduction from the term of [the prisoner's] sentence" of a certain number of "days for each month" in the sentence. Id. Under that statute, and until 1987, the settled method of calculating the credit was "by multiplying the number of months of a sentence as imposed by the court by the appropriate number of days [per month] as prescribed in the statute." H.R. Rep. 86-935, reprinted in 1959 U.S.C.C.A.N. at 2518-19. This is, of course, the same method Mr. O'Donald argues should apply to § 3624(b). Congress cannot be assumed to have changed such a long-standing policy without signalling its intentions clearly. United States v. Wilson, 503 U.S. 329, 336 (1992) ("It is

---

[1] See 18 U.S.C. § 4161, as repealed by Section 235(a)(1) of Pub. L. 98-473, effective November 1, 1987, set out in Federal Criminal Code and Rules, 1137-38 (West, 2004 ed.).

not lightly to be assumed that congress intended to depart from a long established policy.").

The primary ground the Third Circuit offered for finding the phrase "term of imprisonment" ambiguous was that basing the GCT on the sentence imposed would lead to the "unseemly" result of prisoners receiving GCT for time they did not actually serve. O'Donald, 402 F.3d at 174. Since, "[a]s an inmate earns GCT each year, his overall time to serve is reduced," the Third Circuit believed he would receive "GCT for time he was not actually incarcerated." Id. This "unseemly result," the Third Circuit concluded, would "frustrate the process and militates against finding that the phrase 'term of imprisonment' unambiguously refers to the sentence imposed." O'Donald, 402 F.3d at 174. This reasoning is without basis in the text of the statute and fails to conmprehend the actual method of sentence computation that the statute requires.

First, the Third Circuit can point to no language in the statute disapproving basing the credit on time not actually served, since the statute explicitly bases it on the "sentence, beyond the time served." If the language of a statute is plain, a court must enforce the statute as written unless doing so creates results demonstrably at odds with Congress' intent. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989). Moreover, as explained above, for the better part of a century prior to enactment of § 3624(b), Congress explicitly approved a policy of basing credit on the sentence "as imposed by the court," a policy that inevitably grants credit for time not served. Nothing in the statute or its history suggests that Congress believed such a long-standing policy was "unseemly." Accordingly, enforcing § 3624(b) as written, that "term of imprisonment" means sentence imposed, is not demonstrably at odds with the intent of its drafters.

Second, reading "term of imprisonment" to mean sentence imposed does **not** in fact result in any unseemly windfall to prisoners or defeat the purposes of the statute, as courts seem to have

7

feared. Under Mr. O'Donald's reading of the statute a prisoner must earn every day of GCT, which is deducted from the year of the term of imprisonment after a year has been served. After a year has been served, the BOP reviews the prisoner's conduct and makes a bookkeeping entry showing that the prisoner satisfied the full year on, for example, the 311th day served (if a 54 day deduction is warranted) and that a new year began on the 312th day. At the end of the new year, the BOP again makes such an entry showing the effect of another credit, and so on. There is no "windfall," and the Bureau may review a year of conduct at the end of each year except the last.[2] United States Magistrate Judge Stephen Wm. Smith has explained the error of the Third Circuit's concerns in words that counsel cannot improve on:

> [O'Donald's] position is that [he] should complete [his] term of imprisonment by serving 85 percent of [his] sentence with good behavior, earning enough GCT to wipe out the remaining 15 percent of [his] term. The same is true with respect to each particular year of [his] sentence; upon serving 311 days of actual time, [he] earns 54 days credit, which immediately vests and thus wipes out the remainder of that year. Effectively, then, [O'Donald] first year of imprisonment is complete at the close of the 311th day; [his] second year of imprisonment begins on the 312th day. ...
>
> In other words, this is purely a matter of bookkeeping. The evaluation date (or "good time action date" in Bureau parlance) must be adjusted each year to take into account the GCT already earned and vested. When this is done, it is readily seen that the model prisoner has fully earned 54 days credit for each 311 days served, and no windfall is occurring in the last year of imprisonment.

Moreland, 2005 WL 757154 at * 10; Williams, 351 F.Supp.2d at 417.

    B.    If the Phrase "Term of Imprisonment" Were Ambiguous, the Rule of Lenity, and Not Chevron Deference, Would Apply to Resolve the Ambiguity.

The Third Circuit found the rule of lenity inapplicable because Chevron deference had

---

[2] In the last year of the term, to avoid a prisoner serving excess time, the time must be "credited during the last six weeks of the sentence," not after a year has been served. 18 U.S.C. § 3624(b).

removed any ambiguity from the statute. O'Donald, 402 F.3d at 174. Initially, Chevron deference does not apply to an executive branch agency's interpretation of a penal statute. Crandon v. United States, 494 U.S. 152, 177, 110 S.Ct. 997, 1011-12 (1990) (Scalia, J. concurring) (courts owe no deference to executive branch's interpretation of criminal statute); Moreland, 2005 WL at * 7. Indeed, relying upon Crandon, the Solicitor General has acknowledged that courts owe no deference to executive branch agency's interpretation of criminal statutes. Leocal v. Ashcroft, __ U.S. __, 125 S.Ct. 377 (2004), Brief for the Respondents, 2004 WL 1617398, * 32-33. The Supreme Court agreed, rejecting the I.N.S.'s interpretation of the criminal statute at issue, 18 U.S.C. § 16, in part by relying upon the rule of lenity. Leocal, 125 S.Ct. at 384 n.8. Even if Chevron applies, the Third Circuit's application of Chevron misconceives – and fundamentally so – the interplay between established canons of statutory construction and Chevron deference in statutory interpretation.

"Even for an agency able to claim all the authority possible under Chevron, deference to its statutory interpretation is called for only when the devices of judicial construction have been tried and found to yield no clear sense of congressional intent." General Dynamics Land Systems, Inc. v. Cline, __ U.S. __, 124 S.Ct. 1236, 1248 (2004); I.N.S. V. St. Cyr, 533 U.S. 289, 320 n.45, 121 S.Ct. 2271, 2290(2001). Included in "the devices of judicial construction" are "traditional tools of statutory construction." Chevron, 467 U.S. at 842. Thus, "[courts] only . . . defer to agency interpretations of statutes that, applying the normal 'tools of statutory construction,' are ambiguous." St. Cyr, 533 U.S. at 320 n.45, 121 S.Ct. at 2290 (quoting Chevron, 467 U.S. at 843 n.9, 104 S.Ct. 2778).

The rule of lenity is a traditional tool of statutory construction "whose purpose is to help give authoritative meaning to statutory language." United States v. Thompson/Center Arms Co., 504 U.S.

505, 518 n.10 (1992).  Accordingly, at the first step of Chevron the rule of lenity applies to § 3624 and "there is, for Chevron purposes, no ambiguity in [the] statute for an agency to resolve."  St. Cyr, 533 U.S. at 320 n.45, 121 S.Ct. 2290.  See also Zadvydas v. Davis, 533 U.S. 678 (2001) (court used canon of constitutional avoidance to remove ambiguity from immigration statute and reject I.N.S.'s interpretation of statute); Clark v. Martinez, __ U.S. __, 125 S.Ct. 716 (2005) (same).

    WHEREFORE, the petitioner respectfully requests that this Honorable Court reject the Magistrate Judge's Report and Recommendation.

                              Respectfully submitted,

                              /s/ Thomas W. Patton
                              Thomas W. Patton
                              Assistant Federal Public Defender
                              PA I.D. No. 88653